OPINION OF THE COURT
Memorandum.
Judgment adjudicating defendant a youthful offender unanimously affirmed.
Defendant’s contention that the People failed to comply with the notice requirement set forth in Penal Law § 450.10 is without merit since the police never had custody of the stolen merchandise (People v Williams, 214 AD2d 437 [1995]; People v Faucette, 201 AD2d 252 [1994]; People v Lowe, 135 AD2d 836 [1987]). The police officer merely photographed the merchandise in question at the store after the security guard apprehended the defendant.
The attention of the Legislature should be drawn to the problem that there is no obligation on the part of the owner of the stolen property to preserve said property for trial (cf. Penal Law § 450.10). While we recognize that some goods are perishable or apt to lose value if preserved, we feel that certain measures should be taken to protect a defendant’s opportunity to prepare a defense. It would seem prudent in most instances for the police to take custody of the goods for a limited and specific time period. Thus, defendant would have the opportunity to examine the goods in preparation for trial.
Pesce, BJ., Aronin and Patterson, JJ., concur.